# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES RUTLEDGE, JR., #218844, | ) ) ) |
| Petitioner, | ) CIVIL ACTION NO. 0:05-1220-HFF-BM ) ) |
| v. | ) ) |
| SC DEPARTMENT OF CORRECTIONS; and HENRY DARGAN MCMASTER, ATTORNEY GENERAL FOR SOUTH CAROLINA, | ) **REPORT AND RECOMMENDATION** ) ) ) ) ) |
| Respondents. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on April 21, 2005,[1] pursuant to 28 U.S.C. § 2254. The Respondents filed a return and motion for summary judgment on September 14, 2005. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 15, 2005, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After being granted an extension of time, Petitioner filed a brief in opposition on October 19, 2005. This matter is now before the Court for disposition.[2]

---

[1] Houston v. Lack delivery date. See Order filed April 29, 2005.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment.



## Procedural History

Petitioner was indicted in October 1994 in Anderson County for murder (Indictment No. 94-GS-04-2073], assault and battery with intent to kill ("ABIK")[Indictment No. 94-GS-04-2074], and two counts of possession of a firearm during the commission of or attempt to commit a violent crime [Indictment No. 94-GS-04-2078, 2079]. (R.pp. 572-573, 578-579, 584-585, 588-589). Petitioner was represented by Robert A. Gamble, Esquire. After a trial by jury, Petitioner was convicted as charged. (R.pp. 1-426). Petitioner was sentenced to life for the murder charge, twenty (20) years for ABIK, and five (5) years each for the two counts of possession of a firearm during the commission of or attempt to commit a violent crime. (R.pp. 428, 577, 583, 587,591).

Petitioner filed a timely appeal. Petitioner's appellate counsel, Wanda H. Haile, Senior Assistant Appellate Defender, filed an Anders[3] brief requesting to be relieved as counsel and raising the following issue:

> The lower court erred in failing to conduct a hearing in order to determine whether the state exercised the use of three peremptory challenges in a discriminatory manner.

(R.p. 434).

Petitioner also filed a pro se Supplemental Final Anders Brief raising the following issues:

> The lower court erred in failing to give a charge on circumstantial evidence.
>
> The lower court erred in failing to give a charge on heedlessness, . . . i.e. reckless disregard of the safety of others, or willfulness on the part of the defendant.

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]See Anders v. California, 386 U.S. 738, 744 (1967).



> The lower court erred in failing to give a <u>supplemental</u> charge on voluntary manslaughter.
>
> The lower court erred in failing to allow the jury to decide the "ultimate issue" of <u>insanity</u> when it became an affirmative defense whereby the preponderance of the evidence of the Appellant's testimony proves the fact that he was insane at the time of the crimes.
>
> The lower court erred when it allowed irrelevant testimony insinuating Appellant's adultery is reversible error.
>
> The lower court erred when it allowed irrelevant testimony to the Appellant's moral culpability for killing.
>
> The lower court erred when it placed burden on Appellant to prove just cause and excuse.

(R.p. 440).

On December 4, 1996, the South Carolina Supreme Court dismissed Petitioner's appeal and granted counsel's request to be relieved. <u>State v. Rutledge</u>, 96-MO-248 (S.C.Sup.Ct. filed December 4, 1996). (R.p. 455).

On September 23, 1997, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 456-473). <u>Rutledge v. State of South Carolina</u>, 97-CP-04-2010. Petitioner raised the following issues in his APCR:

> **Ground One**: Conviction obtained pursuant to a violation of the Constitution's Sixth Amendment Guarantee of Effective Assistance of trial Counsel.
>
> **Ground Two:** Conviction was affirmed on appeal pursuant to a violation of the Constitution's Sixth Amendment Guarantee of Effective Assistance of Appellate Counsel.
>
> **Ground Three:** The Court erred in sentencing twice to the same offense in separate indictments when the cumulative punishment is prohibited to <u>only</u> if the crime of the defendant in fact committed was the same crime but tried as two separate crimes in indictments numbered 94-2078 and 94-2079.
>
> **Ground Four:** The prosecution exercised peremptory strikes in a racially

3



discriminatory manner and the jury was not racially balanced.

**Ground Five:** Counsel and the Court erred in not establishing applicant's Right to a plea of insanity.

**Ground Six:** The lower court erred in failing to give a charge on circumstantial evidence.

**Ground Seven:** The lower court erred in allowing irrelevant testimony that insinuated applicant's moral culpability for act of murder.

**Ground Eight:** The Lower Court erred when it reversed the burden of proof from the state to the applicant in violation of due process and equal protection.

(R.p. 460).

Petitioner also later filed a motion to amend his APCR, raising the following additional claims of

ineffective assistance of counsel:

**Ground One:** The Applicant James Rutledge Jr. received ineffective assistance of counsel at trial in that counsel Robert Gamble failed to object to two (2) counts of possession of a firearm or knife during the commission of or attempt to commit a violent crime . . .

**Ground Two:** The Applicant James Rutledge Jr. received ineffective assistance of counsel in that counsel Robert Gamble failed to object improper argument which resulted in an abuse of discretion by the prosecutor in her closing argument.

**Ground Three:** The Applicant James Rutledge Jr. received ineffective assistance of counsel at trial in that counsel Robert Gamble failed to consult with applicant and establish applicant right to plea of insanity.

**Ground Four:** The Applicant James Rutledge Jr. received ineffective assistance of counsel at trial in that counsel Robert Gamble waived applicant right to Jackson vs. Denno hearing based upon prosecutorial misconduct, mispresentation, improper argument . . .

**Ground Five:** The Applicant James Rutledge Jr. received ineffective assistance of counsel in that counsel Robert Gamble failed to object to prosecutors knowingly use of false testimony.

**Ground Six:** The Applicant James Rutledge Jr. received ineffective assistance of

4



>     counsel in that counsel Robert Gamble failed to poll the jury by having the clerk of
>     court call over the names of the jurymen one by one, each one being asked "Is this
>     your verdict?[sic]"

(R.pp. 480-482).

A hearing was held in this matter on July 19, 1999. (R.pp. 498-560).[4] Petitioner was present and represented by his appointed counsel, Raymond MacKay, Esquire. On August 16, 1999, the PCR judge denied the petition in a written order in which he addressed the merits of eight (8) claims of ineffective assistance of counsel and specifically found that Petitioner waived any other claims. (R.pp. 565-570).

Petitioner timely filed a Notice of Appeal. Petitioner continued to be represented on appeal by Mr. MacKay, and raised the following issue:

> Did the court err in dismissing Petitioner's application for post-conviction relief where one of the asserted claims was the failure of counsel to object to inflammatory and prejudicial remarks made in the closing argument of the Assistant Solicitor?

See Petition, p. 2.[5]

The South Carolina Supreme Court denied certiorari in an unpublished order filed December 13, 2001. See Letter Order dated December 13, 2001. The Remittitur was sent to the Berkeley Clerk of Court on December 31, 2001.

On April 17, 2003, Petitioner filed a successive APCR in state circuit court. Rutledge v. State of South Carolina, 03-CP-04-1151. Petitioner raised the following issues in this

---

[4]These pages are omitted in the bound volume of the record filed by the Respondents, and were filed separately as Court document number 14-6.

[5]This document along with several other documents cited in the Procedural History Section of this Report are contained in the bound volume of the record filed with the Court by the Respondent. However, the page numbering stops at page 637 and the remaining documents do not have page numbers.

5



APCR:

> **Ground One**: Conviction was obtained pursuant to a violation of 28 U.S.C. 2254(d)(1) in that the state court lacked subject matter jurisdiction over the applicant in this matter and a violation of the US Constitution's Sixth Amendment Guarantee of effective assistance of trial counsel.
>
> **Ground Two:** The Applicant James Rutledge Jr received ineffective assistance of counsel in that counsel Robert Gamble denied and violated applicant sixth amendment const. Right to be confronted by witnesses against him.
>
> **Ground Three:** The Applicant James Rutledge Jr. received ineffective assistance when counsel failed to object to assistant solicitor's confusing, and unconstitutional law instructions to the jury.

See Attachments to Successive APCR.

On January 6, 2005, the Respondents filed a return and motion to dismiss on the grounds that the petition is successive, untimely, and otherwise without merit. The Respondents represent to the Court that a hearing was scheduled for September 1, 2005, but was continued at the request of the State. Petitioner has not disputed this representation. This APCR is apparently still pending in state court.

In his pro se Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One:** Denial of Effective Assistance of Counsel, state interference with counsel by use of conspiracy - due process violation.
>
> **Ground Two:** The Petitioner was convicted by use of state's eyewitness hearsay testimony.
>
> **Ground Three:** The Petitioner is being held in custody unlawfully because the state used even more hearsay testimony to convict Petitioner.
>
> **Ground Four:** Ineffective Assistance of Counsel.

See Petition, pp. 5-6, and Attachments to Petition.



**Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion that the Petition is subject to dismissal, inter alia, because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

7



> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, since Petitioner did not seek certiorari review from the United States Supreme Court, his state court convictions became final on March 6, 1997 (ninety (90) days from the date that the state Supreme Court dismissed his appeal), the date that time expired for Petitioner to file a petition for certiorari. See Gildon v. Brown, 384 F.3d 883, 885 (7th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). By the time Petitioner then filed his first APCR on September 23, 1997, two hundred (200) days had passed since when his convictions had become final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until December 31, 2001, the date that the Remittitur was issued. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, 2000 WL 538131 at **1; Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on April 21, 2005, over three (3) years of additional non-tolled time had accrued since the final disposition of his APCR. When the pre- and post- PCR time periods are added, well



over three (3) years of non-tolled time passed between when Petitioner's period of limitations started to run on March 6, 1997, and the filing of this federal petition.

Although Petitioner filed a successive APCR on April 17, 2003, Respondents argue that this APCR is not properly filed and the federal statute of limitations should not be tolled while it is pending. While there has apparently not been a state court ruling on this Petition as yet, Respondents are correct that an untimely state petition does not toll the federal statute of limitations. See Pace v. DiGuglielmo, 125 U.S. 1807 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]. In any event, over a year of non-tolled time passed between the final disposition of Petitioner's first APCR and the filing of his successive APCR. Therefore, even assuming that Petitioner's second APCR could constitute a properly filed petition so as to toll the federal statute, Petitioner's time to file his federal habeas petition had already expired prior to the filing of his successive APCR. Nor has Petitioner shown that his claims fall under any of the other exceptions to the one year federal filing requirement. § 2244(d)(1)(B)-(D).

Accordingly, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001).

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with



prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

        The parties are referred to the Notice Page attached hereto.

                                                      Bristow Marchant  
                                                      United States Magistrate Judge

Columbia, South Carolina

June 19, 2006



10

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
